UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- x
MALACHI CHAPMAN,                  :
                                  :
                  Plaintiff,      :
                                  :
     -against-                    :       **MEMORANDUM AND ORDER**
                                  :
TOSHANA MAYCOCK,                  :       No. 21-cv-4940 (KAM)(JRC)
                                  :
                  Defendant.      :
--------------------------------- x


**MATSUMOTO, United States District Judge:**

On September 15, 2021, *pro se* Plaintiff Malachi Chapman ("Plaintiff"), a resident of Brooklyn, New York commenced this action against *pro se* Defendant Toshana Maycock, also a resident of Brooklyn, New York, and the mother of his child.[1]  (ECF No. 1, Complaint ("Compl.").)  Plaintiff has paid the Court's filing fee to initiate this action.  (ECF No. 2, Filing Fee.)  For the reasons discussed below, the Complaint is dismissed.

---

[1] On July 2, 2021, Plaintiff brought a purported class action against the United States Department of Justice challenging decisions made in his family court action as well as in family courts throughout the country.  *See Chapman v. United States Dep't of Just.*, No. 21-cv-3906(KAM).  By order dated September 3, 2021, the action was dismissed without prejudice because the Court lacked subject matter jurisdiction over Plaintiff's claim against the defendant.

## **BACKGROUND**

Plaintiff brings this section 1983 action for alleged violations of 18 U.S.C. § 249, Hate crime acts; 18 U.S.C. § 241, Conspiracy against rights; 18 U.S.C. § 242, Deprivation of rights under color of law; 18 U.S.C. § 371, Conspiracy to commit offenses or to defraud United States; 31 U.S.C. § 3729, False claims; and 18 U.S.C. § 1506, Theft or alteration of record or process; false bail. (Compl. ¶¶ 2, 5, 46–61.)

Plaintiff alleges that Defendant has failed to comply with family court orders setting forth conditions of parental behavior, has been late when dropping off and picking up their child, and has filed frivolous lawsuits against Plaintiff in family court. (*Id.* ¶¶ 13-17.) Plaintiff seeks to set aside family court orders of protection and child support. (*Id.* ¶ 6.) Plaintiff submitted 314 pages of supporting documents, including a copy of Title IV of the Social Security Act. (*See* ECF Nos. 1-2; 1-3.). Plaintiff seeks monetary damages, and injunctive and declaratory relief.

2

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the Court "remain[s] obligated to construe a *pro se* complaint liberally").

Federal court jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.  *Id.; see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations, even liberally construed, fail to state claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Moreover, federal courts lack jurisdiction over ongoing domestic relations matters.  In addition, based on the complaint, diversity jurisdiction is lacking as Plaintiff alleges that he and Defendant both reside in Brooklyn, New York.

Even if Plaintiff has paid the required filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction, or the action is frivolous.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Fed. Sav. Bank,* 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint).

4

## DISCUSSION

### I.   The Complaint Fails to State a Federal Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983; 18 U.S.C. § 249; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 371; 31 U.S.C. § 3729; and 18 U.S.C. § 1506, and invokes a number of purported constitutional violations.  (Compl. ¶¶ 2, 5, 46–61.) However, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 137 (2d Cir. 2002). Rather, a court must "proceed prudently and make pragmatic distinctions between those allegations, if any, that raise substantial questions" and those that are "*so patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." *Id.* (quoting *Duke Power Co. v. Carolina Env't Study Grp.,* 438 U.S. 59, 70 (1978)).  There is no subject matter jurisdiction if the purported federal claim is clearly "'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *S. New Eng. Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 132 (2d Cir. 2010) (citations omitted).  Here, even given a liberal construction, and despite Plaintiff's reference to many federal statutes and purported constitutional rights, his allegations do not support a colorable federal claim such that the Court's federal question jurisdiction may be invoked.

A colorable section 1983 claim requires that a plaintiff allege two elements: (1) that the conduct challenged "must have been committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); and (2) that the conduct complained of "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.; see also Snider v. Dylag,* 188 F.3d 51, 53 (2d Cir. 1999).

The Constitution regulates only the conduct of government actors and not that of private parties. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of section 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)).

For Plaintiff to successfully allege a section 1983 claim, he must first establish that the conduct of the named

6

Defendant is "fairly attributable to the State." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.  In other words, for Plaintiff to show that his constitutional rights have been violated, he "must first establish that the challenged conduct constitutes 'state action.'"  *See Ciambriello,* 292 F.3d at 323 (*citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295—96 (2d Cir. 1991)).  Private individuals who are not state actors may nonetheless be liable under section 1983, however, if they have conspired with or engaged in joint activity with state actors. *Anilao v. Spota,* 340 F. Supp. 3d 224, 253 (E.D.N.Y. 2018); *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012).  Stating a claim for joint action or conspiracy with state actors requires more than conclusory allegations and naked assertions.  The complaint must set forth a plausible theory of agreement and concerted action to violate Plaintiff's constitutional rights.  *Stewart*, 851 F. Supp. 2d 445—46.

Plaintiff's section 1983 claim fails because Defendant is a private individual and Plaintiff has failed to plead a plausible claim for joint action or conspiracy between Defendant and state actors. *Washington v. Williams*, No. 19-cv-00289(MKB), 2019 WL 1876787, at *3 (E.D.N.Y. Apr. 26, 2019).  Here, the Complaint states nothing more than bare and unsupported

7

allegations of a conspiracy between Defendant, a private individual, and family court referees. (*See, e.g.*, Compl. ¶ 19 ("both the referees have conspired against my rights to profit off Title IV D, which is also infringement because of the illegal seizure of one's property protected under the 4th amendment.").) These allegations fall short of what is necessary to support a claim of joint action or conspiracy with state actors and thus impose individual liability under section 1983. Accordingly, neither 42 U.S.C. § 1983 nor the other federal statutes cited are applicable and cannot be cited in a conclusory manner to establish subject matter jurisdiction.

## II.  Domestic-Relations Abstention

The Supreme Court has recognized a domestic relations exception to subject matter jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Tait v. Powell*, 241 F. Supp. 3d 372, 376 (E.D.N.Y. Mar. 10, 2017). The domestic relations exception arises from the Supreme Court's recognition that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States," *In re Burrus*, 136 U.S. 586, 593–94 (1890). The Second Circuit has held that though the domestic relations *exception* does not apply where the

8

district court's subject matter jurisdiction is predicated on a federal question, not diversity, *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019), the court may nevertheless exercise "domestic relations *abstention*" where a litigant's claims are "on the verge of being matrimonial in nature" and where "there is no obstacle to their full and fair determination in state courts." *Id.* (emphasis added) (citation and internal quotation marks omitted).

Notwithstanding the labels used by Plaintiff to characterize his claims, this action, in essence, is one seeking to set aside family court orders of protection and child custody and support. (*See, e.g.*, Compl. ¶ 6 ("This case seeks declaratory relief from the lower court decisions because constitutional rights were not protected, oath of office were not honored when cited 28 USC 453, conspiracy against and when judicial decision have been comprised due to fraud upon the court . . . .").) Indeed, the Second Circuit in *Deem* held that the district court properly abstained from considering the plaintiff's claims that defendants "conspired to maliciously prosecute him and to violate his right to intimate association with his children" by seeking and obtaining a temporary order of protection, because they were, "at a minimum, on the verge of being matrimonial in nature." 941 F.3d at 620, 625. *See also Williams v. NYU Hosp. Center Fin. & Payroll*

9

*Support*, 19-cv-11612(LLS), 2020 WL 1878119, at *4 (S.D.N.Y. Apr. 14, 2020) ("The domestic relations abstention doctrine bars this Court from considering any challenge Plaintiff may be making to entry of the child support order itself."). Here, all the claims for which Plaintiff seeks relief, regardless of how they are framed, arise from the custody and support of his child, and thus his claims fall within the ambit of the domestic relations abstention doctrine.

Additionally, Plaintiff alleges no plausible facts to suggest that there are any obstacles preventing him from receiving a full and fair determination in state court. Family court is available as a forum to resolve his claims, and Plaintiff's conclusory statements alleging family court's disregard of the Constitution, or joint activity or conspiracy between Defendant and family court referees, (Compl. ¶¶ 6, 19, 20, 30), without more, are not sufficient to show that his claims are not capable of being resolved fairly in state court.[2]

---

[2] On December 20, 2021, Plaintiff filed an additional 72-page document (ECF No. 12) related to his family court matters, which does not change the Court's analysis that subject matter jurisdiction is lacking and the instant action therefore must be dismissed.

## CONCLUSION

The complaint is hereby dismissed without prejudice because the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and pursuant to the domestic relations abstention doctrine. The Clerk of Court is directed to enter judgment dismissing this action, serve both *pro se* Plaintiff and Defendant and note service on the docket, and close this case.

Although Plaintiff has paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated:    Brooklyn, New York
          December 23, 2021

11